J-S71029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSHUA ROBINSON | |
| Appellant | No. 3684 EDA 2016 |

Appeal from the Judgment of Sentence entered November 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0001134-2011

BEFORE:  PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 11, 2018**

Appellant, Joshua Robinson, appeals from the November 8, 2016 judgment of sentence imposing 29½ to 59 years of incarceration for assault of a law enforcement officer, unlawful possession of a firearm, recklessly endangering another person, and possessing an instrument of crime.[1]  We affirm.

The trial court summarized the pertinent facts:

> The facts, when viewed in the light most favorable to the Commonwealth as the verdict winner show that at approximately five forty-five p.m. on January 8, 2011, Philadelphia Police Officers [Brian] Pavgouzas and [Brendan] Ryan were travelling southbound on 60th Street when they observed [Appellant] walking with a gun on his right side, partially concealed by a jacket.  The patrol car pulled over to the curb and Officer Ryan

---

[*] Retired Senior Judge assigned to the Superior Court.
[1]  18 Pa.C.S.A. §§ 2702.1, 6106, 6108, 2705, and 907, respectively.

asked [Appellant] to come over to the car. [Appellant] kept on walking, and Officer Pavgouzas opened his car door. As the door clicks open [Appellant] took off running and Pavgouzas chased him. [Appellant] then took the pistol out of his waistband, pointed it back toward the pursuing police officer and shot twice. [Appellant] then tossed the gun and kept running until apprehended a very short time thereafter. Two young children showed the police where Robinson's gun landed after being discarded.

Trial Court Opinion, 5/2/17, at 3 (record citations omitted).

Appellant proceeded to a jury trial, commencing on August 29, 2016 and concluding on September 1, 2016. The jury found Appellant guilty of the aforementioned offenses but not guilty of aggravated assault.[2] On November 8, 2016, the trial court imposed sentence as set forth above. This timely appeal followed. Appellant argues that his conviction for assault of a law enforcement officer is unsupported by sufficient evidence and contrary to the weight of the evidence. Appellant's Brief at 4. We will consider these issues in turn.

We begin with Appellant's challenge to the sufficiency of the evidence, which we review according to this well-settled standard:

When evaluating a sufficiency claim, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the

_____

[2] 18 Pa.C.S.A. § 2702.

factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

***Commonwealth v. Kane***, 10 A.3d 327, 332 (Pa. Super. 2010), ***appeal denied***, 29 A.3d 796 (Pa. 2011).

The Pennsylvania Crimes Code defines assault of a law enforcement officer as follows: "A person commits a felony of the first degree who attempts to cause or intentionally or knowingly causes bodily injury to a law enforcement officer, while in the performance of duty and with knowledge that the victim is a law enforcement officer, by discharging a firearm." 18 Pa.C.S.A. § 2702.1(a). Thus, § 2702.1 requires proof of four elements:

> (1) the defendant attempted to cause, or intentionally or knowingly caused, bodily injury, (2) the victim was a law enforcement officer acting in the performance of his duty, (3) the defendant had knowledge the victim was a law enforcement officer, and (4) in attempting to cause, or intentionally or knowingly causing such bodily injury, the defendant discharged a firearm.

***Commonwealth v. Martuscelli***, 54 A.3d 940, 948 (Pa. Super. 2012). Only the first element, regarding attempt, is presently in dispute. We have addressed that element as follows:

> An intent is a subjective frame of mind, it is of necessity difficult of direct proof[.] [W]e must look to all the evidence to establish intent, including, but not limited to, [the defendant's] conduct as it appeared to his eyes[.] Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances.

> The intent for attempt may be shown by circumstances which reasonably suggest that a defendant intended to cause [bodily] injury. Thus, in order to prove an attempt under Section 2702.1, the Commonwealth must demonstrate both a substantial

- 3 -

step plus an intent to cause bodily injury to a law enforcement officer by discharging a firearm.

***Commonwealth v. Landis***, 48 A.3d 432, 446 (Pa. Super. 2012) (internal citations and question marks omitted).

In ***Martuscelli***, the defendant engaged police in a shootout while the defendant was inside his home and several police officers were positioned at a tree line on the defendant's property. ***Id.*** at 944. The defendant opened fire on police, who "felt and heard bullets whizzing by them," and police returned fire. ***Id.*** at 949. After several volleys, during which nobody was hurt, the defendant surrendered himself. ***Id.*** at 944-45. At trial, the defendant produced evidence that he intended to commit suicide by shooting over the officers' heads and provoking return fire. ***Id.*** Indeed, he told one of the police officers as much prior to the shooting. ***Id.*** at 944. The officer concluded the defendant did not intend suicide because he concealed himself when police returned fire. ***Id.*** at 945. We found the evidence sufficient to support his conviction under § 2702.1. ***Id.*** at 950.

Instantly, Appellant, while in flight from Officer Pavgouzas, removed a pistol from his waist, pointed it behind him, and fired twice. Appellant claims he was running away, pointed the gun at the ground, never looked in the direction of Officer Pavgouzas, and did not attempt to shoot him. Officer Pavgouzas testified that, as he was chasing Appellant from behind, Appellant retrieved his gun with his right hand, extended his right hand backwards and fired twice. N.T. Trial, 8/30/16, at 138-39. Appellant did not break stride or

look in Officer Pavgouzas' direction. *Id.* at 139-41. Appellant held the gun a little lower than shoulder height when he fired. *Id.* at 140. In a radio dispatch recorded shortly after Appellant's offense, Officer Pavgouzas stated he was shot at twice. *Id.* at 148-49.

In claiming that he did not intend to shoot Officer Pavgouzas, Appellant asks this Court to draw inferences in his favor, in contradiction of the applicable standard of review. Viewing the evidence in the light most favorable to the Commonwealth, we conclude that the record contains sufficient evidence to support Appellant's conviction under § 2702.1. Here, as in *Martuscelli*, the testifying police officer believed the perpetrator was shooting to kill, despite the perpetrator's claim to the contrary. In *Martuscelli,* the defendant opened fire on a tree line where the police were positioned. Thus, in *Martuscelli*, the defendant's intent was a matter of inference based on the cirumstances. The same is true here. Appellant pointed his gun behind him while Officer Pavgouzas was in pursuit from behind, and we can infer from those facts that Appellant intended to cause injury and took a substantial step toward doing so.

We need not reach a different result because Appellant did not break stride or look in Officer Pavgouzas' direction. We can infer from the facts of record that Appellant did not believe he had time, during his flight, to stop and take aim. Based on all of the foregoing, we conclude the record contains sufficient evidence in support of Appellant's conviction under § 2702.1.

Appellant also challenges the weight of the evidence in support of his conviction under § 2702.1.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (citations omitted).

Appellant argues, once again, that the record contains no evidence of his intent to injure Officer Pavgouzas. The argument fails for the same reasons we have already discussed. We note that the record does not support a conclusion that Appellant shot at the ground. Officer Pavgouzas testified that the angle of Appellant's arm was "a little down from straight back" when Appellant fired. N.T. Trial, 8/30/16, at 154. Officer Pavgouzas did not see any projectiles hit the ground. *Id.* at 155. We discern no abuse of discretion in the trial court's decision not to award a new trial.

In summary, we have concluded that Appellant's weight and sufficiency of the evidence arguments lack merit. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/18